STATE on the relation of D. A. JENKINS, Public Treasurer, *v.* B. F. BRIGGS, Sheriff, and others.

A plea of tender is of no avail unless it is accompanied by a payment into Court of the amount admitted to be due.

The revenue act of 1869–'70, ch. 225, makes by implication in the 34th section, the auditor's certificate evidence of the amount of taxes due from the sheriffs, but it is only *prima facie* evidence and may be rebutted.

The Act of 1869–'70, ch. 71, which repealed certain acts in relation to appropriations for railroads and directed that the taxes which had been collected under them for paying interest, &c., should be "credited to the counties of the State upon the tax to be assessed for the year 1870 in proportion to the amounts collected from them respectively," justified the sheriffs in retaining the amount of such taxes in their settlements with the public treasurer, until it was repealed by an act passed the 21st December, 1870.

This was a motion made before *Watts,* Judge, at the Fall Term of WAKE Superior Court, at the instance of the Public Treasurer of the State, for judgment against the defendant, B. F. Briggs, as Sheriff of Wilson County, and the other defendants, as his sureties, upon his official bond for the collection of taxes. His Honor gave judgment for the plaintiff for the amount claimed and for costs, and the de-

fendants appealed.   No other statement of the case is necessary than what will be found in the opinion of the Court.

*Bragg & Strong,* for the defendants.

*Attorney General* and *Battle & Sons* and *Phillips & Merrimon,* for the plaintiff.

RODMAN, J.   This action was commenced under sec. 34, of chap. 225, of the Acts of 1869-'70, p. 287, against the Sheriff of Wilson County for a failure to account for and pay the public taxes.

His defense was, that he did tender all the taxes which had been or ought to have been collected by him, except certain special taxes, which under the Act of 1869-'70, ch. 71, p. 119, he was authorized to pay to the Treasurer of his County.

The defendant can derive no benefit from his plea of a tender because it is not accompanied by a payment into Court of the amount admitted to be due.

An Act ratified 8th March, 1870, (Acts 1869-'70, ch. 71, p. 119,) repeals certain acts passed at the preceding session making appropriations for certain railroads, and directs that the moneys in the Treasury which had been collected under these acts, for the purpose of paying the interest of the bonds issued to the Companies, should be appropriated to the uses of the government, " and shall be credited to the Counties of the State upon the tax to be assessed for the year 1870, in proportion to the amounts collected from them respectively."

The Auditor refused to credit the County of Wilson for the special taxes which had been collected from it, and certified for the whole amount levied for 1870.

The plaintiff contends:  1. That the Auditor's certificate is conclusive evidence of the amount due.

We do not think it is : Section 34 of chapter 225 of the

Acts of 1869-'70, does not expressly or in terms make it evidence at all, but by implication it does.

But there must be some opportunity allowed a Sheriff to show an error either of fact or of law in the Auditor's account, otherwise the Auditor would be a despot over the Sheriffs. It can never be presumed that the Legislature intended to exclude any set of men from the benefit of the Courts of Justice. We think, therefore, that the certificate of the Auditor is only *prima facie* evidence, and may be rebutted.

2. That the Act of 1869-'70, ch. 71, has been repealed. It is admitted that it has not been expressly repealed, except by an act ratified since the trial of this action below, viz: on 21st December, 1870. But it is contended that it was repealed by implication. We have examined the acts of Assembly, to which we are referred by the plaintiff's counsel, and we do not think that any of them are so inconsistent with the Act in question as to repeal it, and the Legislature must be of the same opinion, or why pass the Act of 21st December, 1870, expressly repealing it? We think as the law then stood the Sheriff was entitled to retain a sum equal to the special taxes of his county. But as the law has been since changed and nothing is in controversy but the costs, we do not consider that there is any question demanding an elaborate discussion.

Judgment below reversed, and case remanded to Superior Court of Wake County for further proceedings.

PER CURIAM.                      Judgment reversed.