THE EVANSVILLE AND CRAWFORDSVILLE R. R. Co. v. MARSH.

RAILROAD.—Freight.—Connecting Roads.—Pooling Contract.—Tender.—
Where, pursuant to an agreement between connecting railroads, freight
is received by one, to be delivered at a point on the other for a sum less
than the aggregate regular charges of both, the latter, upon receiving
such freight, must deliver it, at such point, to the consignee, upon his
tendering such sum to the proper agent of the latter.

SAME.—Where no such agreement exists, and freight is received by one of
such railroads, to be delivered at a point on the other for a sum less than
the aggregate regular charges of both, the latter company, on receiving
it and carrying it to such point, must deliver it to the consignee, upon
his tendering such sum, provided it equal the regular charges of the
latter, whether it does or does not include any charges for the former.

SAME.—Replevin.—If, in either of such cases, such tender be refused, the
consignee may replevy such freight.

SAME.—Tender must be brought into Court.—Where, to maintain an action,
a tender of money must be first made by the plaintiff, such tender must
be kept good by bringing it into court.

From the Vanderburgh Circuit Court.

A. Iglehart and J. E. Iglehart, for appellant.

C. E. Marsh, for appellee.

PERKINS, J.—Replevin for a horse.

Answer in denial of the complaint; trial by jury;
verdict for plaintiff; and, over a motion for a new trial,
judgment on the verdict.

The case is this:

In October, 1874, James C. Marsh shipped a horse from
Vinton, Iowa, to Evansville, Indiana. The shipment was
made by The Burlington, Cedar Rapids and Minnesota
Railway, to Chicago, at the agreed rate of freight, to that
point, of seventeen dollars and sixty cents, and for the
sum of twenty-four dollars and sixty cents to Evansville,
thus leaving seven dollars as the freight from Chicago to
Evansville, while the regular charge for freight from
Chicago to Evansville was fourteen dollars.

On the way-bill of The Burlington, Cedar Rapids, etc.,
Railway Company, to Chicago, was written, " Horse des-

tined to Evansville, Indiana; through rate, Vinton to Evans-
ville, $24.60, charges for feed and water additional." The
shipper supplied the feed at Vinton for the entire dis-
tance, and no question arises as to that. The horse. ar-
rived at Evansville. The agent of the owner called for
him at the proper place, and tendered the twenty-four
dollars and sixty cents; the tender was refused, and the
sum of thirty-one dollars and sixty cents, the aggregate
of the regular freights on the two roads (fourteen dollars
and seventeen dollars and sixty cents) demanded. The
Evansville company denied the power of the agent of The
Burlington, etc., R. W. Co. to contract for a through rate of
freight, giving the Evansville road less than full freight, and
denied any connection or arrangement with that company
authorizing such contract. There was testimony on the
point. It left the matter in doubt.

The court instructed the jury, that the freight was a
lien, but, when the amount due was tendered, the owner
was entitled to his property.

" Defendant's counsel then asked the court to instruct
the jury, that ' the contract offered in evidence is not the
contract of the defendant; and unless some authority to
make that contract is shown on behalf of the plaintiff,
the jury should find for the defendant.' " But the court
refused to give said instruction, whereupon the defendant
at the time excepted; and the court proceeded: " That
there may be no mistake about that, I will say that that is
substantially what I have instructed upon. I leave it for you,
Gentlemen of the Jury, to say, from the evidence, whether
this was a contract to carry freight the whole distance,
at the agreed price of twenty-four dollars and sixty cents.
If it was, the tender of that amount was all that Mr.
Marsh was bound to do, for the delivery of his property
here. And if there was no connection whatever between
these roads, and the horse was delivered by the other
company to this company, the defendants would be prop-
erly entitled to their usual rates of freight. But, if that

amount or more had been tendered, the defendants would be entitled to nothing but what the contract called for, if the contract called for as much as was due the defendants as freight money;" to the giving of which instruction the defendants excepted.

This freight question seems to us to be within a narrow compass. If there was a connection or agreement between the two roads mentioned, by which the contract in question for through freight was authorized, then the Evansville company was bound by it, and was liable to deliver the horse, on the tender of the amount of freight (twenty-four dollars and sixty cents) stipulated for in the contract. If there was no such connection between the companies, and the agent who made the contract at Vinton, Iowa, had no power to bind the Evansville company by that contract, then the Evansville company had a right to collect her own freight, and was not bound to collect that of the other company. She might receive the amount tendered in discharge of the freight, and if it only equalled her own charge, she might retain the whole of it. If it exceeded that charge, she would account to the other company for the overplus. The Iowa company had agreed to ship the horse in question to Evansville for a given sum of money. That company thereby assumed the burden of satisfying the charges of the roads over which she should ship the horse; and if it took the whole amount she charges for the entire route, she would have to pay it, if it left nothing for her own company. We see no error in the instruction of the court on this point.

The remaining question relates to the tender. It is claimed by the appellant, that, to enable the plaintiff to recover, he should have kept up the tender by payment of the money into court. By the instruction of the court, the jury were led to believe this was not necessary.

Where a defendant is sued for a debt, and pleads a tender, he must follow it up by a payment of the money into court. Bicknell Prac. 190, 191. See 2 R. S. 1876, p.

362, form No. 23; *The State* v. *Briggs*, 65 N. C. 159; *Bronson* v. *The Chicago, etc., R. R. Co.*, 40 How. Pr. 48.

But here is not a plea or answer of tender by a defendant, but a suit by a plaintiff to recover an article of personal property, of which he alleges, in his complaint, he is the owner and entitled to the possession. The general denial is answered, which puts the right of possession in issue. If the plaintiff had brought his suit without tendering the amount of the defendant's lien upon the property, he must have failed. But, having made the tender, can he maintain his suit and recover possession of the property, without paying the amount of the lien tendered into court, is the question.

It seems to us, that he can not. If he can, he may recover his property without paying the freight, leaving the company to a personal remedy against the owner, who may, as is the fact in this case, be and reside in a distant state.

In *Coombs* v. *Carr*, 55 Ind. 303, it is said, that, in cases "where the court can decree the amount due, and make it a lien on the land, it is not necessary to make a tender before the commencement of the suit, nor bring the money into court; it is sufficient to make the offer in the pleading to pay the amount when it is ascertained. *Seller* v. *Lingerman*, 24 Ind. 264; *Hunter* v. *Bales*, 24 Ind. 299; *Turner* v. *Parry*, 27 Ind. 163; *Kemp* v. *Mitchell*, 36 Ind. 249; *Lynch* v. *Jennings*, 43 Ind. 276; *Ruckle* v. *Barbour*, 48 Ind. 274."

There was a failure of proof under the general denial. The motion for a new trial should have prevailed.

The judgment is reversed, with costs, and the cause is remanded.