# Shiver *v.* Johnston.

*Detinue.*

62   37
127  490

1. *Mortgage of chattels ; payment of debt secured by ; effect of.*—The payment
of a debt secured by a mortgage of personal chattels, operates as a satisfaction
of the mortgage and extinguishes the title conveyed by the mortgage.
2. *Charge ; what not ground for reversal.*—Where, in an action by the mort-
gagee against the mortgagor to recover the mortgaged property, it is shown
that the note secured by the mortgage was given for money loaned at usurious
interest, and the mortgagor has paid, or tendered to pay the principal, and
brings the money into court, a charge that if the jury believe these facts,
plaintiff was entitled to recover only the costs of the suit, contains no error
prejudicial to the plaintiff, and furnishes no ground for a reversal on appeal
by him.

APPEAL from Coffee Circuit Court.

Tried before Hon. HENRY D. CLAYTON.

This was an action of detinue, brought by the appellant,
Samuel Shiver, against the appellee, W. T. Johnston, to re-
cover certain personal property. On the trial, it was shown
the property had been mortgaged by the appellee to appel-
lant; that the mortgage was past due, and that the property

[Shiver v. Johnston.]

was in the possession of the appellee. It was shown by the appellee, that the mortgage was given to secure the payment of two hundred dollars, lent by the appellant, at the rate of twenty-five per cent. per annum; that to secure the repayment of this amount, with the agreed interest, he had executed his note, secured by mortgage, on the property sued for; that before suit brought he had paid on the debt secured by the mortgage, one hundred and fifty dollars, and had offered to pay fifty dollars more, which offer had been refused by appellant. This fifty dollars was brought into court and paid to the clerk.

This was all the evidence, and upon this the court charged the jury, "that if they believed from the evidence, that the note for which the mortgage was given to secure the payment of, was given for borrowed money, and there was more than legal interest included in said note, and the defendant had paid all of the principal of said note that was borrowed, including the fifty dollars paid to the clerk, then the defendant had a right to plead usury, and that would be a payment of the entire debt, and the plaintiff would not be entitled to recover in this action, except for costs of the suit." The court further charged the jury, among other things, "If there is nothing now due the plaintiff from the defendant, on his, plaintiff's mortgage, he was not entitled to recover except the cost." These charges were excepted to by the plaintiff. The plaintiff then requested the court to charge the jury, "If they believed the evidence, they must find for the plaintiff." This charge was refused, and an exception reserved to its refusal. The charges given, and the refusal to charge as requested, are now assigned as error.

W. D. ROBERTS, for appellant.

W. D. WOOD, contra.

MANNING, J.—The payment of a debt, secured by a mortgage of personal chattels, operates as a satisfaction of the mortgage and extinguishment of the title it conveyed to the creditor.—*Harrison v. Hicks*, 1 Porter, 423, 431; 5 Stew. & Port. 91.

There is no dispute that according to the testimony, the note secured by the mortgage, was given to the appellant, who was plaintiff below, for money lent by him to appellee at the usurious rate of twenty-five *per cent. per annum.* The lender forfeited thereby his right to any interest. The debt was discharged by repayment of the sum borrowed.

One hundred and fifty dollars having been repaid to ap-

[Lemay, Ex'r, v. Walker.]

pellant and the remainder of the amount lent, tendered and offered to him, and refused, and this sum having then been brought by defendant into court and there deposited and left for plaintiff in this cause, operated as a payment in full of the debt; and there was no error prejudicial to appellant in the charge of the court, that if the jury believe these facts proved by the evidence, plaintiff was entitled to recover only the costs of the suit.

Let the judgment be affirmed.