GRAY, administrator, *vs.* ANGIER, trustee.

[Bleckley, Justice, having been of counsel, did not preside in this case.]

A tender, to prevent the running of interest, must be continuing. Using the money after refusal by the creditor to receive it, destroys this necessary attribute of a legal tender.

Contracts. Tender. Before Judge McCUTCHEN. Bartow Superior Court. January Term, 1878.

In 1861, Chisolm recovered judgment against Field and Tumlin; the *fi. fa.* was transferred to Solomon. It was levied on property of Tumlin; he filed an affidavit of illegality. By agreement the proceedings were withdrawn; Tumlin took the *fi. fa.* so as to make the money out of Field, and gave his written obligation to pay the amount in ninety days. Solomon transferred this obligation to French, trustee; Angier is a successor in the trust held by French. Tumlin is dead; Gray is his administrator. This suit is on the obligation of Tumlin to pay. Defendant pleaded, among other things, tender. The jury found for plaintiff. Defendant moved for a new trial, among other reasons, because the court charged to the following effect: That if Tumlin, after tender made, was not ready and willing to pay the money tendered, it could not be considered as a continuing tender, and if said Tumlin was not, at all times after tender was made, able, ready, and willing to pay the amount so tendered, that it would not be good as a continuing tender, and if Tumlin, after the tender was made, refused payment, and denied and contested the plaintiff's right to recover the amount so tendered, this would amount to a waiver of the tender.

The motion was overruled, and defendant excepted. For the other facts see the decision.

A. JOHNSON; STANSELL & WOFFORD, for plaintiff in error.

Gray, administrator, *vs.* Angier, trustee.

T. WARREN AKIN; DABNEY & FOUCHE, for defendant, cited 24 Pick., 168 ; 9 Bac. Abr., 128 ; Chitty on Contracts, 803, 804; 10 Ga., 127 ; 54 *Ib.*, 498 ; 2 Wallace, 252 ; 50 Ga., 614 ; Code, §2874; 6 Otto, 587.

WARNER, Chief Justice.

The plaintiff brought suit against the defendant's intestate on a certain instrument in writing therein described and set forth, and on the trial thereof the jury found a verdict in favor of the plaintiff for the sum of $8230.50 principal, and the sum of $6583.44 interest.   A motion was made for a new trial on the grounds therein stated, which was overruled, and the defendant excepted.

The only ground of error insisted on here was, that the verdict for interest was too large, in view of the evidence in regard to the alleged tender of the money by the defendant to the plaintiff, and that the court erred in its charge to the jury in relation to that point in the case. The evidence in the record is that two tenders of the money in payment of the debt were made to Solomon, who was then the owner of it, by Field, one of the defendants who then owed the money, and that Solomon declined to receive it, the witness stating "that I used the money tendered Solomon in other ways, when Solomon refused to accept it." The tender relied on to stop the interest should have been a continuing tender, that is to say, that the money tendered was, and always has been, ready for the plaintiff, and not as in this case used by the defendant for his own benefit. Chitty on Contracts, marginal page, 697 ; 10 *Ga. Rep.*, 127; 50 *Ib.*, 614 ; 54 *Ib.*, 498.   There was no error in the charge of the court in relation to this point in the case.   Let the judgment of the court below be affirmed.