A. D. PARKER v. J. N. BEASLEY et al.

*Practice — Pleading — Equitable Relief — Mortgagor and Mortgagee — Mortgage Lien — Tender of Money Due — Refusal, Effect of.*

1. Under *The Code* practice whenever either party to an action, by his pleadings, sets up a ground for and prays equitable relief, the Court will adjust all equities between the parties whatever be the form of the action.

2. In this State the mortgagee has the legal estate, and the mortgagor is the equitable owner with the right, until the day of redemption is past, to pay the money according to the contract and avoid the conveyance at law.

3. A plea of tender of money due is not available unless accompanied by a payment of the sum tendered into court.

4. The unaccepted tender of the amount due on a debt secured by a mortgage on land and the costs, does not discharge the lien of the mortgage unless the tender be kept good and the money be paid into court. Its only effect is to stop interest and costs accruing after the tender. (CLARK J., dissents, *arguendo*, in which MONTGOMERY, J., concurs.)

CIVIL ACTION, tried at Spring Term, 1894, of HERTFORD Superior Court, before *Armfield, J.*

PARKER *v.* BEASLEY.

The defendants J. N. Beasley and wife, Mary A. Beasley, borrowed money and gave their promissory note for the same, payable to R. E. Beale, on January 1, 1890, and executed a mortgage, duly probated and recorded, on a certain tract of land belonging to said Mary to said R. E. Beale, to secure the payment of their said note, with the usual power of sale in case of default in such payment, and on the 14th of April, 1891, said Beale assigned the note to the plaintiff. On the 28th of October, 1891, Beale, the mortgagee, offered said land for sale under the power and according to the provisions of said mortgage, when the plaintiff bid it off and offered to pay by surrendering his note and mortgage. The mortgagee declined to make a deed and the defendants did not pay the money. The defendant, on the 27th of October, 1891, or on the day of said sale, tendered to the plaintiff's authorized attorney the amount of principal, interest and cost then due, which was refused by said attorney. It was found by the jury that there was no sale under the power in said mortgage and that the tender was made as stated.

On the 30th of September, 1892, the plaintiff instituted this action:

1st. For possession of the land.

2d. For judgment against defendants for the amount of said note " to be discharged upon the surrender of the said land or the sale thereof under an order of the court, and for costs and any other necessary relief."

The defendants filed an answer averring among other things that on the said 27th of October, 1891, the defendants legally tendered the amount, then due the plaintiff, to his attorney, which was refused. The defendants prayed, first, that plaintiff recover judgment only against the defendant J. N. Beasley, and for the amount due on October 27, 1891, the date of said tender; second, that said

land be discharged from any liability for the payment of said note and that said mortgage be declared satisfied.

At the trial the plaintiff had judgment for the amount of his note, with interest and costs which were due on the said day of tender, and declaring said judgment to be a lien upon said mortgaged land, with an order that after ninety days the said land be sold to satisfy said judgment and to pay over any balance to defendants.   To this judgment the defendants excepted, " because the court declined to hold that the tender discharged the lien of the mortgage on the land," and appealed.

*Mr. L. L. Smith,* for plaintiff.
*Mr. B. B. Winborne,* for defendants (appellants).

FAIRCLOTH, C. J.:   A makes a promissory note to B for borrowed money payable on a day certain, and to secure it he and his wife give B a mortgage on land, duly registered, and the money is used in improving the mortgaged premises.   After maturity of the debt and before any sale or foreclosure proceedings begun, the mortgagor tenders to the mortgagee the amount then due, principal, interest and costs then incurred, and the mortgagee refuses to accept the tender and surrender his note and mortgage.  Does this tender discharge the lien on the mortgaged land ?   The above statement discloses the only question presented in the record in the present action.   It does not appear that the money tendered was deposited anywhere, nor that it was kept ready for the plaintiff in case of demand, nor that it was tendered at the trial.   The plaintiff instituted this action for possession of the land and to recover a judgment on the note, and for a decree condemning and ordering said land to be sold to satisfy his judgment.   The defendant pleaded his tender among other things and relied on it as a discharge of the

mortgage lien.   At the trial the plaintiff had judgment for
the principal money and interest and cost, prior to the day
of tender, and also an order to sell the land to satisfy the
judgment. . The defendant Beasley excepted "because the
court declined to hold that the tender discharged the lien
of the mortgage on the land," and appealed.   The effect of
a legal tender, in case the security had been wholly per-
sonal, is not presented, and we express no opinion on
that question, nor is the effect of a tender made before or at
maturity, called the law-day, in case of a mortgage security,
presented.

We are not aware that the question now before us has
ever been directly presented to this Court.   In some of our
sister States, either by statute or judicial ruling, the mort-
gage lien is held to be only a mere security or pledge, with
the title remaining in the mortgagor, and that a tender
kept intact discharges the lien, and in some that the debt
is discharged, because the condition of the mortgage con-
tract is performed and that the title of the mortgagor is com-
plete without reconveyance or other equivalent act.   This
is the result of the harsh rule of the common law.   But in
those States, if the mortgagor should call on the Court of
Chancery to remove the cloud on his title or to work out
any other object, he is required to pay the debt on the prin-
ciple that he must do equity if he asks for it.

In the State of New York, after several cases much con-
sidered, it was finally settled by a divided court in *Kart-
right* v. *Cady*, 21 N. Y., 343, that a tender, although not
kept good, made after the law-day at any time before fore-
closure, discharges the lien.   In a few other States the same
doctrine prevails, but they all rest on the holding that the
mortgage is a mere security or pledge without any legal
title in the mortgagee.   The several decisions in such States
present various phases of the question.   In New York, in

*Tuthil* v. *Morris*, 81 N. Y., 99, which was an action to restrain a sale and to have the mortgage cancelled of record, on the ground that the amount of the mortgage had been duly tendered and refused, the court say "a party coming into equity for affirmative relief must himself do equity, and this would require that he pay the debt secured by the mortgage and the costs and interest, at least up to the time of the tender. The most that could be equitably claimed would be to relieve the debtor from the payment of interests and cost subsequently accruing and to entitle him to this relief he should have kept his tender good from the time it was made." And there are many similar decisions in those States.

But it is claimed that the present action is not one for equitable relief. We think this is a misapprehension. It is true that it is an action for possession, for judgment for the amount of the debt "to be discharged upon the surrender of the said land, or the sale thereof under an order of the court, and for costs and any other necessary relief," and the defendant after pleading tender and refusal prays the Court "that said land be discharged from any liability for the payment of said note and that said mortgage be declared satisfied." Here, both parties are asking the Court to do things which a court of law could not do. Before the Constitution of 1868, neither party could get any equitable relief except by a bill in equity, but under that Constitution and *The Code* either party can assert and obtain his equitable relief in any action at law by the other party, thus expediting business and saving costs. And the moment either party by his pleadings sets out and asks equitable relief, the court of equity acquires jurisdiction, clears the deck, and adjusts all equities between the parties, and this view clearly embraces the present case.

In a much larger number of the States, we think the rule

is different from that in New York.  In North Carolina
the mortgagee has the legal estate and the mortgagor is the
equitable owner.  Until the day of redemption is past, he
may pay the money according to the proviso in the contract
and avoid the conveyance at law, and this is termed his
legal right of redemption.  After the day of redemption is
past, he has still an equity of redemption which is a con-
tinuance of his old estate.  *Hemphill* v. *Ross*, 66 N. C.,
477.  Colebrook on Collateral Securities, Sec. 157, says
there are few States. where the mortgage is regarded as
merely subsidiary to the debt, an incident to the principal,
the shadow which follows and depends upon the substance.
" This is not the view taken in this State of these relations,
nor is it in harmony with the general course of adjudica-
tions elsewhere.  The note is the personal obligation of the
debtor; the mortgage is a direct appropriation of property
to its security and payment. "  *Capehart* v. *Dettrick*, 91 N.
C., 344 and 353.

The mortgagee may at any time take or recover possession
of the mortgaged land, unless expressly forbidden by the
terms of the deed or by necessary implication.  1 Jones on
Mortgages, Sec. 58.

With this view of the m rtgagee's e-tate and its inci-
dents, what is the effect of the tender relied on in this case ?
Does it discharge the lien ?  The burden of showing tender
and refusal is on the party pleading it.  The defendant can
derive no benefit from his plea of a tender, because it is not
accompanied by a payment into court of the amount admit-
ted to be due.  *State* v. *Briggs*, 65 N. C., 159.  We have
also omitted to notice that a plea of tender is incomplete
unless accompanied by a payment of the sum tendered into
court.  *Terrell* v. *Walker*, 65 N. C., 91.  It was insisted
that in the opinion of PEARSON, C. J., in *Capehart* v. *Biggs*,
77 N. C., 261, the expression, " The plaintiff might invali-

date a sale made under the power by proof that before the sale, or even on the day of sale, he tendered the balance due with the expenses incurred. " We must assume that he meant a tender kept good by payment into court; especially as in *Cope* v. *Bryson*, 1 Winston, 112, he had already said that defendant must plead " tender and refusal and ' always ready ', and pay the money into court and take a rule on the plaintiff to take it or proceed further at his peril. "

In *Shields* v. *Lazear*, 34 N. J. Law Reports, 496, it is held, " but an unaccepted tender of the mortgage money, made after the day prescribed in the mortgage, will not affect the lien of the mortgage on the land. It is neither performance of the condition nor payment or satisfaction of the debt. Its only effect will be to stop the running of interest and to subject the mortgagee to the costs of a redemption by bill in Equity. In *Bilzell* v. *Hayward*, 96 U. S. Rep., 580, it is stated that " To have the effect of stopping interest or costs, a tender must be kept good; and it ceases to have the effect when the money is used by the debtor for other purposes. " A plea of te. der, not accompanied by *profert in curia*, is bad. *Saper* v. *Jones*, 56 Md., 503. A tender, after default, does not discharge the lien of a mortgage, although sufficient in amount. When a tender is made after the day, it should be kept good. *Crain* v. *McGoon*, 18 Am. Law Register, 178 (Ill.); *Merritt* v. *Lambert*, 7 Paige, 344; *Maynard* v. *Hunt*, 5 Pick., 240 ; *Matthews* v. *Lindsay*, 20 Fla., 973. A tender, to prevent the running of interest, must be continuing. Using the money after refusal by the creditor to receive it, destroys this attribute of a legal tender. *Gray* v. *Angier*, 62 Ga., 596. In te der, where the money is brought into court and deposited and left with the plaintiff, he is entitled to cost only. *Shiver* v. *Johnson*, 62 Ala., 37. A tender of payment to be effectual must be kept good and be ready at any

time. To get the benefit of a tender, the money must be placed in the custody of the court, so that it may be awarded to the party to whom it rightfully belongs. *Frank* v. *Pickens*, 69 Ala., 369. The general rule is that in a plea of tender, it must be accompanied with an averment that the defendant was, and still is, ready to pay it, and that the money is produced in court. 2 Greenleaf Ev., 589, Part IV. The payment of money into court is an admission of indebtedness to the amount paid in, and whatever may be the result of the trial the money belongs to the plaintiff, and the party paying it in loses all right to it. 25 Am. & Eng. Enc., 943. It is seldom that a case of absolute refusal after tender is made out, for it is generally attended with circumstances that explain the refusal.

Upon the weight of current authorities and upon general reasoning and a due regard for fair dealing, we are of opinion that the defendant's plea of tender was not available, except to stop interest and save him costs after the tender, which was accorded to him at the trial.

To decide otherwise might be to let the defendant keep his money, discharge the security and the plaintiff get nothing from any quarter. This would be monstrous.

The law contemplates the payment of just debts. We see no error in the judgment below.

Affirmed.

CLARK, J. (dissenting): The defendant, whose land was advertised for sale under a mortgage, tendered the creditor's attorney "all that was due and all costs." The attorney refused to take this unless the mortgagor would in addition pay his fee. This not being done, he sold the land, the plaintiff bought and brings this action for ejectment.

The question presented is whether this tender discharged the lien—not the debt—for if it did not discharge the mortgage a purchaser at a sale thus made under it would acquire

a good title and mortgagors in such cases would be at the mercy of the exaction of the creditor or his counsel. This not only would subject mortgagors to a liability to be thus squeezed rather than bear the annoyance and additional cost of a sale under the mortgage with payment of the commission to the trustee for selling—of itself often a considerable burden—but frequently the exaction would be submitted to rather than lose the opportunity of a private sale to a party who might buy the land if disencumbered.

If a tender by the mortgagor of the full amount due will not discharge the lien but the acceptance thereof by the mortgagee is necessary to have that effect, then the mortgagor by declining to receive the payment can (as in this case) add to the lien, by his own wrongful act, the costs of the sale and the commission for selling, unless he is minded to waive an actual sale by receiving payment of the sum the commissions would amount to in addition to the sum justly due. As the parties can stipulate for the rate of commission for selling, this would simply repeal the usury law and give the mortgagee a safe and sure mode of collecting his illegal rate of interest.

It is true that in the present case the purchaser at the sale was the holder of the mortgage and recognizing that he could not recover in ejectment under a purchase at a sale made under these circumstances, he changed front on the trial and asked for a decree of foreclosure instead of a judgment for possession. But the principle involved is the same, and the single question presented is whether a tender of the full amount due on the mortgage with all cost is a discharge of the lien. The hardship which would result from holding that it would not, is such as must be apparent to a court of equity which looks to all possibilities of oppression. There are no direct precedents in this State, but the overwhelming weight of authority elsewhere is that

such tender in full would discharge the lien, leaving of course the debt still valid. The carefully written American and English Encyclopedia which puts into its text the prevailing and better doctrine, citing the minority decisions in the note, thus states the generally accepted doctrine: "A tender of the full amount of a debt secured by a mortgage or pledge discharges the lien of the mortgage or pledge. According to the current of authority the lien is extinguished, though tender is not made until after default. It is not necessary, in order to effect a release, that the tender should be kept good. or that the money should be paid into court." 25 Am. & Eng. Enc., 927, 929. This is sustained in the notes by citation of a great number of authorities, especially from courts of such standing as those of New York, Michigan, Wisconsin, Massachusetts and others, citing also the very few decisions to the contrary. To the same purport is section 893, 1 Jones on Mortgages (5th. Ed.), which says, citing authorities, "The rule in several States is that a tender of the amount due on a mortgage after the day fixed for payment is a discharge of the lien just as much as payment is, and in the same way that a tender at common law, made upon the day named in the condition, has this effect. The lien of the mortgage is thereby *ipso facto* discharged, and the holder of the mortgage can only look to the personal responsibility of the person liable for the mortgage debt. To have this effect it is not even necessary that the money should be. brought into court or that it should be shown that the tender has ever since been kept good." It is not necessary here to cite the authorities which are there quoted to sustain the text, but. in *Kortwright v. Cady*, 21 N. Y., 343, will be found an unusually able and full opinion showing that this was the doctrine of the common law and that it is fully sustained by authority and reason.

.Not only is this doctrine supported by the weight of precedent and considerations of equity and public policy, but it is the actual contract between the parties. This, in the usual form, provides "if the said amount shall be paid, then this mortgage shall be *null and void* ; otherwise it shall remain in full force and effect." When the mortgagor, as in this case, tenders the "full amount due with all cost" he has in equity done all that he can do and the mortgage lien becomes null and void by the terms of the contract. By its very condition this is so. It is otherwise as to the debt itself. There is no condition as to that. That is absolutely due and remains due till the money is accepted. The tender can only, at most, stop the running of the interest. There is no hardship in this as there would be in continuing in force a mortgage or other lien after tender made, with the effect of hampering any other disposition of the property or forcing the mortgagor to pay the commission and cost of a sale to prevent the property going into the hands of a purchaser who would acquire a good title at such sale if the tender does not discharge the lien. Of course ingenious reasons can be given by counsel, based upon subtle distinctions, to the contrary, and some decisions can be found also to sustain that view, but when every cent due, principal and interest and costs, is tendered the mortgagee, he ought not in good conscience be allowed, against the very terms of his contract, to maintain his lien nevertheless in full force with the opportunity this gives of exacting (as was demanded in this case) additional sums to buy that release which he is entitled to have upon tender of the full amount due.

So much of the judgment as adjudges recovery against the debtor for the principal money, with interest and costs up to the time of the tender should be affirmed. Neither party excepted to this. But so much of the judgment as

directed a foreclosure and sale notwithstanding the full tender made should be reversed. By such tender the condition of the mortgage was fulfilled as fully as the mortgagor was permitted by the mortgagee to do so, and the lien was discharged by the terms of the mortgage.

MONTGOMERY. J., concurs in the dissenting opinion.