SANDERS et al. v. BLAKNEY. (No. 277.)

Court of Civil Appeals of Texas. Eastland. March 25, 1927.

1. Evidence ⊂⊃113(8)—In suit by pledgor to recover pledged property, evidence of market value at place other than where it was purchased held inadmissible.

In suit by pledgor to recover pledged property wrongfully withheld, evidence of market value of property at time it was purchased, but at a place other than where it was in fact purchased, held erroneously admitted.

2. Appeal and error ⊂⊃1050(1) — Appellant could not complain that inadmissible evidence was received, where same evidence was testified to by other witnesses without objection.

Although inadmissible evidence was received, appellant could not complain, where same evidence was testified to by other witnesses without objection.

3. Appeal and error ⊂⊃728(1)—Assignment of error as to evidence, not made basis of specific objection, held waived (Courts of Civil Appeals, rule 24).

In suit to recover pledged property, where assignment of error complained only of admission of evidence as to purchase price paid for property, objection to remaining evidence as to its market price held waived, under rule 24 for Courts of Civil Appeals, providing that ground of error not distinctly specified is waived.

4. Husband and wife ⊂⊃171(11)—Wife's property, pledged to secure husband's debt, occupies position of surety, and act of creditor, which would release surety, releases lien.

Where wife pledges separate property to secure husband's debt, her property occupies position of surety, so that act on part of creditor, which would release surety, will release lien on her property so pledged.

5. Husband and wife ⊂⊃171(11)—Where wife pledged property to secure husband's debt and her tender was refused, she recovered value of property without accounting for debt.

Where wife pledged separate property to secure her husband's debt and her tender of amount due on debt was refused, lien was discharged and she was entitled to recover value of property without accounting for debt.

Error from District Court, Eastland County; Elzo Been, Judge.

Suit by Mrs. K. E. Blakney against D. Sanders and another. Judgment for plaintiff, and defendants bring error. Affirmed.

Chastain & Judkins, of Eastland, for plaintiffs in error.

Patterson & Grantham, of Cisco, for defendant in error.

PANNILL, C. J. The plaintiffs in error were defendants in the court below, and the defendant in error was plaintiff, and the plaintiffs in error will be designated appellants and the defendant in error as appellee.

The appellee, Mrs. K. E. Blakney, was the owner of a diamond ring, which was her separate property. With her consent, her husband pledged said ring to appellant Sanders, to secure a debt of $125 and interest. In August, 1925, the appellee demanded of appellant Sanders the return of the ring and offered to pay him the amount of the debt, but the demand was not complied with. A

few days after this occurrence, appellee's husband was killed, and within a short time thereafter another demand was made upon Sanders by appellee, accompanied by a tender of the amount due on the debt. Sanders at this time informed appellee that he was unable to return the ring, because the ring was in the possession of Mrs. Collins and the debt for which it had been pledged belonged to her. Appellee then proceeded to Mrs. Collins and made a tender to her. Mrs. Collins refused to accept the tender, giving as a reason therefor that the debt and the pledge to secure it was Sanders', and agreed to meet appellee and Sanders and have the matter settled. Mrs. Collins did not keep this appointment, but Sanders came at near the appointed time, and reported to appellee that Mrs. Collins could not produce the ring, that when she went to get it she found that it had been lost. Appellee again approached Mrs. Collins and demanded an explanation, and Mrs. Collins was unable to give appellee any satisfaction, and at a subsequent interview with Sanders, he admitted his liability for the value of the ring and offered to pay the appellee the difference in the value of the ring and the amount of his debt. Appellee was not satisfied with Sanders' proposition and differed with him about his statement that the ring had been lost and also the value that he placed upon it. After some negotiations on Sanders' part, evidencing a desire to replace the ring, suit was brought by the appellee in two counts, one for the recovery of the ring itself, and, in the alternative, for damages for the value thereof.

A trial was had to a jury, who returned a special verdict, in substance, that the ring was not lost, but was still in the possession of the appellants Sanders and Mrs. Collins, and that the value of the ring was $425. Upon this verdict judgment was entered in favor of appellee against both defendants for the title and possession of the ring, awarding her a writ of possession and providing that, if within 20 days the ring was not returned or delivered to the sheriff, execution should issue against the appellants for the sum of $425, the value of the ring as found by the jury, without allowing any deduction for the amount of the debt due by appellee's deceased husband.

Two assignments of error have been briefed, and they are the only assignments which are copied in the brief and are as follows:

"First Assignment of Error: The court erred in permitting the Linz Jewelry salesman to testify as to the price paid for the ring in Dallas in the year 1920, as shown by bill of exceptions No. 1.

"Second Assignment of Error: The court erred in refusing to give defendants credit on plaintiff's judgment for the amount of the note, which it was agreed the ring had been pledged to secure."

[1, 2] The first assignment, while it refers to bill of exceptions No. 1, restricts the error complained of to that part of the testimony of the witness referred to as the price paid for the ring in Dallas, in the year 1920. The bill of exceptions relating to this matter does not show that the ring was paid for at Dallas, Tex., but it does show that the eighth interrogatory to the witness asked him to state the market value of the ring at Dallas, Tex., on or about April 6, 1920, and the answer was:

"The retail market price of this ring on that date was the price paid by Linz Bros., by D. Bolin, being $500."

The answer might be construed as stating the retail market price of the ring at Dallas, Tex. The statement of facts, which is controlling, shows conclusively that this ring was purchased and paid for at Strawn, Tex. It was, of course, objectionable for the plaintiff to prove the market value of the ring or the price paid therefor at Dallas, Tex., and this error would work a reversal of this case but for the fact that it appears from the statement of facts that the appellants permitted other witnesses to tesify, without objection, as to all the details in regard to the purchase of this ring and the amount paid therefor. It is well settled that an appellant cannot complain that inadmissible evidence was received where the same evidence was testified to by other witnesses without objection. Texas Employers' Insurance Association v. Jimenez (Tex. Civ. App.) 267 S. W. 752, loc. cit. 756.

[3] Rule 24 for the Courts of Civil Appeals provides that a ground of error, not distinctly specified, shall be considered as waived. The assignment having restricted appellant's complaint to that part of the court's ruling which admitted evidence as to the purchase price paid for the ring, the objection to the remaining part of the answers of the witness as to the market price of the ring at Dallas, Tex., was waived. As stated above, by permitting other witnesses to testify to all the details surrounding the purchase of the ring, including the price paid therefor, the error assigned has likewise been waived.

[4] Under the second assignment, plaintiff submits the rule that, where a pledgee has lost or converted the article pledged, the owner can only recover as damages the value of the pledged article, after deducting the amount of the debt, citing a number of Texas cases so declaring. Among them are Hart v. Tyrrell, 36 Tex. Civ. App. 626, 82 S. W. 1074, 86 S. W. 350; Smith v. Anderson, 8 Tex. Civ. App. 188, 27 S. W. 775; Davis v. Wrigley, White & W. Civ. Cas. Ct. App. § 731.

It is not believed that this rule is applicable to the facts of the instant case. If this suit had been brought by Blakney in his lifetime, he could not have recovered without account-

ing for the debt which was due by him to the appellant Sanders. The rule is well settled in Texas that, where a married woman pledges her separate property to secure her husband's debt, her property occupies the position of a surety, and any act on the part of the creditor that would release the surety will release the lien created by the act of the wife, and thus release from the lien her property.

In Angel v. Miller, 16 Tex. Civ. App. 679, 39 S. W. 1092 (writ of error refused), a wife executed a trust deed on her separate lands to secure a debt for her husband. When the debt matured, the creditor, without the consent of the wife and without her knowledge, granted an extension of time to the husband, and it was held that the wife's land occupied the relation of a surety and that such extension of time, without her consent, released the lien created by the deed of trust executed by her. This rule has been consistently followed in a number of cases, which will be found collated in Texas Southwestern Digest, "Husband and Wife," § 171 (11).

It is further well settled that a tender and refusal of the amount due on a debt will release the surety, and that such a tender and refusal will discharge the lien of a mortgage. Lillienstern ·v. First National Bank (Tex. Civ. App.) 288 S. W. 477; 31 Cyc. 852, 853; Parker v. Beasley, 116 N. C. 1, 21 S. E. 955, 33 L. R. A. 237; 21 R. C. L. 680; 38 Cyc. 163, § B.

[5] It would seem, therefore, upon principle, if at a time when Sanders or his codefendant, Mrs. Collins, had the ring, a tender was made by Mrs. Blakney, the surety, of the amount of the debt and it was refused, that this would discharge the pledgee's lien, and if the ring was thereafter converted the appellee could recover the value of the ring without accounting to the appellants for the debt.

The only case apparently deciding the precise point is the case of Van Arsdale v. Joiner, 44 Ga. 173. It appears that it was held in that case that the wife could recover the value of her separate property without accounting for the proceeds, under a state of facts similar to those in the instant case.

The verdict of the jury established the fact that the ring was still in the possession of the defendants, and this finding is not assailed. Neither of the appellants testified on the trial, and we are unable to say that the learned trial court was in error in rendering the judgment that he did in the respect complained of. If, as a matter of fact, the ring had been lost before a tender was made by the appellee, a different rule might apply, but where, as in this case, as found by the jury, appellants have willfully refused to restore the pledge upon tender by the owner (occupying the position of a surety), of the amount

of the debt, the lien is discharged and the appellee is entitled to recover the full value of her property free from the discharged lien. Luckett v. Townsend et al., 3 Tex. loc. cit. 133, 49 Am. Dec. 723.

On account of the refusal of the tender at a time when the ring was in their possession, appellants are remitted to a claim for their debt against the estate of the husband of appellee.

The judgment is affirmed.