WADE S. COTHRAN and GEORGE S. BLACK, plaintiffs in error, vs. JOHN SCANLAN, defendant in error.

[1.] Complainant in equity must allege all the facts, substantially, which are necessary in pleading a tender at law, when he relies on a tender for relief.

Cothran et al. vs. Scanlan.

[2.] Complainant offered to pay defendant what the amount of principle and interest on the note, in Confederate money, would have been worth in specie at the maturity of the note, upon condition that defendant would make titles, etc.: *Held*, not a sufficient allegation of tender.

[3.] Specie value of Confederate notes, when payable, not *sole* criterion under the Ordinance of the Covention.—WALKER, J.

In Equity.    In Floyd Superior Court.    Demurrer, decided by Judge FEATHERSTON.    January Term, 1866.

The defendant in error filed his bill against the plaintiffs in error, praying, among other things, that they be decreed to make titles to him for certain real estate which he had purchased of them, and paid for in part, giving his promissory note for the balance, payable on the 11th of September, 1864, in the currency of the country, with interest from date.

The bill alleged, that on the 17th of November, 1865, the complainant called on Cothran, one of the defendants in the bill, and offered to pay him what the amount of principal and interest on the note to that time, in Confederate money, (which was the currency contemplated) would have been worth in specie at the maturity of the note, upon the condition that he and his co-defendant would then and there make titles to the complainant; and that Cothran refused to accept said tender or make the titles.

The bill was demurred to generally, for want of equity. The Court overruled the demurrer ; and this is assigned as error.

UNDERWOOD & SMITH, for plaintiffs in error.

WRIGHT & BROYLES, for defendant.

WALKER, J.

Several questions were made in this case, but the decision of one will dispose of the others. Is a tender alleged ?    We think not.

Cothran et al. vs. Scanlan.

[1.] We recognise the doctrine that the same precision is not required in equity pleadings which is exacted at law; but, even in equity, the averments must be sufficiently certain that issue may be taken thereon. "The general statement that a tender was made, is not enough. It is as defective as a general averment of fraud. That a tender was made is a conclusion of the pleader simply. He must state the facts which constitute a legal tender. The same precision, I know, is not required in equity pleadings that is exacted at law; yet, in the language of Lord Thurlow, he must state something substantial. The facts must be so stated as to be issuable. Defendant must be notified of the facts out of which the plaintiff's equity springs, and which he is to controvert. The rule at law is that a defendant pleading a tender, must show an actual production of the money, and an offer to pay it, or that the production of it was dispensed with by his adversary. 10 *East*, 101; 4 *Esp. N. P. C.* 68; 1 *Bingham's N. C.* 253; 6 *Wen.* 22; 3 *Star. Ev.* 1559; 2 *Wils.* 74; *Wheat. Selw.* 153; Substantially, a party in equity claiming relief on the ground of tender, must so plead. It is not enough, at law, to plead that the party is still ready and willing to pay; he must state that he was always ready to pay, in addition to that. And if the declaration and plea show that the defendant was not always ready and willing to pay, the plea will be bad. 1 *Saun.* 33, *n.* 2; 8 *East*, 168–9; 10 *East*, 168. The averments are fatally defective in this, that they state a *conditional* tender. The offer to pay must be *unconditional*. 8 *Greenl.* 107; *Ib.* 119; *McGehee vs. Jones*; 10 *Ga. R.* 132. These principles are applicable to this case.

[2.] The tender here was made, such as it was, "*upon the condition* that said Cothran and Black would then and there make titles," etc. But was there any tender at all? If so, *what* was tendered, *how much* was it? How can issue be taken upon such allegations? They are too vague.

[3.] Besides all this, speaking for myself, I am inclined to think the specie value of currency at the time payable, is

not the *sole* criterion prescribed by the ordinance of the convention. The language would seem to allow and require a much wider scope for investigation. We think, therefore, the Court erred in overruling the demurrer of plaintiffs in error.

As to the proposition to amend the bill, we apprehend that is a matter we had better let the Court below pass upon, as was done in the case of *Sullivan, Cabot, etc. vs. Rome R. R. Co.*, 28 *Ga. R.* 29.

Judgment reversed.