McGARR *v.* GREEN.

EVANS, P. J.  1. The plaintiff made the defendant a deed to land, and yielded possession to the grantee.  About twelve years thereafter he brought suit against the defendant to recover the land, on the ground that the deed was given to secure a debt, and that the defendant, contemporaneously with the execution of the deed, gave him a written obligation to reconvey the land on payment of the debt.  The defendant was illiterate, and the alleged agreement to reconvey purported to have been signed with his mark; and on the trial he attacked it as a forgery.  As bearing on the issue of whether the transaction was a sale or a loan, both sides introduced evidence respecting the value of the land at the time of the transaction.  A witness was allowed to testify in behalf of the defendant, that, about the date of the plaintiff's deed to the defendant, the plaintiff offered to sell the land to the witness, without any proposition to have it back.  Disassociated from its context this evidence was irrelevant; as ordinarily, in a controversy between two persons, evidence as to what occurred between one of them and a third

7

person with reference to a similar, though entirely distinct, transaction is irrelevant. But a reference to the brief of evidence discloses that the witness was testifying about the value of the land at the time of the execution of the plaintiff's deed to the defendant, and in that connection said that the plaintiff proposed to sell the land to him for a sum less than the sum for which he sold it to the defendant. The testimony to which objection was made was a part of that conversation, and its reception in evidence does not require a new trial.

2. In stating the contentions of the parties the court inadvertently misstated the date of the deed from the plaintiff to the defendant, but, on his attention being called to the error, at the conclusion of his charge he corrected his mistake. This occurrence was not prejudicial to the plaintiff. The contentions of the parties were fairly presented by the court in his charge to the jury.

3. The court charged: "If you find in this case that [the plaintiff] agreed to convey this land to [the defendant], and pursuing that agreement he executed a fee-simple deed to him and put him in possession of it, and that was the agreement and contract that the title passed out of [plaintiff] into [defendant], and [plaintiff] has not had from that date nor ever will have any further rights touching that land, and if you believe and find such to be the truth of the case, it would be your duty to find for the defendant." The criticism is, that this instruction withdrew from the jury the plaintiff's contention that the deed was to secure a debt, and was an expression of opinion. The excerpt itself, particularly when considered in its setting in the charge, amounted to an instruction that if the jury should find that the grantee was given possession of the land, without any right of redemption or repurchase in the plaintiff, they should decide the issue with the defendant.

4. Some of the instructions were not strictly accurate, but the inaccuracies were not of such character as to be prejudicial to the plaintiff. The verdict is supported by the evidence, and the court did not abuse his discretion in refusing a new trial.

*Judgment affirmed. All the Justices concur, except Fish, C. J., absent.*
FEBRUARY 10, 1915.

Equitable petition. Before Judge Rawlings. Emanuel superior court. October 13, 1913.

*H. R. Daniel* and *Hines & Jordan,* for plaintiff.
*Smith & Kirkland,* for defendant.