### GROOVER *et al. v.* WILKES, administratrix.

1. Where a petition was brought to recover a described tract of land and to cancel a deed thereto which contained a condition subsequent, and by amendment it was alleged that there were outstanding a quitclaim deed to one of the defendants to the action and a deed from a sheriff conveying the land in controversy to the grantor in the quitclaim deed, and it was prayed that the quitclaim deed and the sheriff's deed be canceled; and where upon the trial evidence was adduced to support this amendment, the fact that the grantors in the quitclaim deed and the sheriff's deed were not made parties is not a ground for a new trial after verdict in favor of the plaintiff, no objection to the allowance of the amendment having been raised by demurrer or otherwise.

(*a*) The objection that the amendment set forth no valid ground for the cancellation of the two deeds should have been urged by demurrer. Defects in pleadings can not be taken advantage of in a motion for a new trial.

2. Under the evidence there was no error in giving the jury instructions as to the effect of the mental condition of the plaintiff's intestate, the grantor in the conditional deed, upon his failure to act in regard to declaring a forfeiture by reason of a failure of the grantee to comply with the condition subsequent in the deed conveying the land to him.

3. The charge upon the subject of notice to one of the defendants as to the failure upon the part of the grantee in the conditional deed to comply with the condition did not contain error in any way hurtful to the movant.

4. The court did not err in excluding from evidence a self-serving declaration by the grantee, tending to show that he was complying with the condition in the deed.

5. The exclusion of relevant and material evidence is ground for the grant of a new trial, it being the province of the jury, and not of this court, to say what weight the evidence should have.

No. 877. FEBRUARY 14, 1919.

Equitable petition. Before Judge Sheppard. Liberty superior court. January 5, 1918.

Mrs. A. C. Wilkes, as administratrix of the estate of J. W. Groover, brought her petition against J. J. Groover and J. C. Groover, to recover certain lands and to cancel deeds, and for other equitable relief. The plaintiff's intestate had conveyed the land in controversy, by warranty deed, to his grandson, J. J. Groover, one of the defendants, upon the expressed consideration of natural love and affection "and the consideration of support and maintenance of the said [grantor] and his wife;" the deed containing this clause: "It is further provided herein that should the said [grantee] voluntarily refuse and fail to care for and maintain the said [grantor] and his wife, that fact will cancel, annul, and void this deed." The suit was based on the ground, as alleged in the petition, that the grantee had violated the condition subsequent in the deed. After the filing of the original petition R. J. Groover was made a party defendant, and by his answer he set up a claim of title to the land, based upon a deed from J. D. Strafford, sheriff of Liberty county, Georgia, to P. H. Strafford, dated July 6, 1909, and a quitclaim deed from P. H. Raiford to R. J. Groover. By amendment the plaintiff prayed that the two deeds first mentioned be declared void and be canceled. Upon the trial, after evidence was introduced by both sides, the jury returned a verdict that the plaintiff recover the land, and that the deeds from J. W. Groover to J. J. Groover, from the sheriff to Raiford, and from Raiford to R. J. Groover be canceled. J. J. and R. J. Groover made a motion for a new trial, which was overruled.

*A. S. Way* and *H. H. Elders,* for plaintiffs in error.
*Oliver & Oliver,* contra.

BECK, P. J. (After stating the foregoing facts.)

1. The defendants in their motion for a new trial set up the contention that the court was without jurisdiction to try the question as to whether or not the sheriff's deed to Raiford and Raiford's quitclaim deed to R. J. Groover should be canceled. In support of their contention they cite several decisions by this court, in which it is ruled that both the grantor and the grantee

are necessary parties to proceedings to cancel deeds. We do not think, however, the defendants are in position to successfully urge this contention in the motion for a new trial. An amendment to the petition was allowed, reciting the execution and the existence of the sheriff's deed and the quitclaim deed, and praying that these instruments be canceled. Inasmuch as no objection was raised to the amendment or to the prayer contained in it, and evidence pertinent to this amendment was adduced and considered by the jury, the defendants can not, after verdict, insist that the verdict should be set aside and a new trial granted on the ground of a nonjoinder of the sheriff and the grantee in the sheriff's deed, who was the grantor in·the quitclaim deed. The objection to the amendment, that it sets forth no valid ground for the cancellation of the two deeds, should have been urged by demurrer. Defects in pleadings can not be taken advantage of in a motion for a new trial.

2. Exception is taken to the following charge of the court: "You are to take into consideration all the facts and circumstances which surrounded J. W. Groover, the deceased. If you find that he didn't take any steps to create a forfeiture, if there was a wilful refusal to comply with the conditions in this deed, see whether or not that failure to take advantage of it was due to his inability, mentally or physically; if the circumstances surrounding him were such as to keep him from asserting his rights under the deed. You are to look to the evidence to see whether or not he had a desire to do that. If he had no desire to do it, why then the plaintiff ·couldn't recover. If you find from the facts and circumstances in the evidence that he did have a desire to do it, but by reason of his physical or mental condition, or both, he was unable to do it, why then, gentlemen of the jury, she, his administratrix, would not be precluded from bringing suit in this case; and if you find under those circumstances that the support was an inadequate one, and that he didn't acquiesce in it or waive his right under it, and was prevented from creating the forfeiture or acting upon the clause which would create the forfeiture, why, then, her right would be the same as his right, and she would have the right to have the deed to James J. Groover annuled." This charge was in substance correct. The deed from the intestate of the plaintiff to J. J. Groover contained the clause set forth in the statement of

facts, providing that upon a certain condition the deed should be canceled and declared void. This provision as to avoidance, it was ruled when the case was previously before this court (*Wilkes* v. *Groover,* 138 *Ga.* 407, 75 S. E. 353), created a condition subsequent. Evidence was adduced to show that the condition had been violated, which made it a question for the jury to decide whether or not the grantor had a right to enter and repossess himself of the land, or declare a forfeiture on account of the violation of the condition subsequent, if such was found to be the case, or whether he had waived the forfeiture. And the fact that there is no evidence to show that the grantor was mentally incapable of entertaining a desire to declare a forfeiture or to understand his rights in the premises did not render a charge upon the subject of his mental condition improper; for if, during the latter years of his life, he was suffering from intense physical pain, pain so great as to prevent his fixing his mind upon the question of his rights under the deed, then it might be said that his mental condition was such that his failure to act would not amount to a waiver of the forfeiture.

3. Exception is taken to the following charge of the court: "In reference to that question of notice, I charge you that notice need not necessarily be an absolute information upon the part of one to the other, but it might be drawn from all the facts and circumstances surrounding the parties, their ability to know, and their positions that would require them, if they were undertaking to make a purchase, to inquire and look into the facts and circumstances surrounding the case. There is no constructive notice involved in this case. There may be actual notice, but that notice must be derived from the facts and circumstances surrounding the parties, such as would put a prudent man on notice and make him inquire into the condition of affairs." This charge was given in reference to the notice R. J. Groover must have had of any failure of J. J. Groover to comply with the condition in the deed made to him by J. W. Groover, before the presumption that R. J. Groover was an innocent, bona fide purchaser would be overcome. If there are any inaccuracies in this charge, they are not of such character as to injure the movants.

4. During the progress of the trial, while M. S. Lewis, a witness for the defendants, was testifying, counsel for the defend-

ants propounded the following question to him: "Do you know whether Jesse [J. J. Groover] ever carried anything over there for the old man?" To which the witness answered as follows: "Well, I would see him leave his place with a dish or plate, something covered up with a cloth, and he said, 'Just make yourself at home; I am going to carry the old man something to eat.'" This was objected to by counsel for the plaintiff, on the ground that what was stated by J. J. Groover as testified to by the witness was self-serving and therefore inadmissible. The court sustained this objection, and ruled out that part of the testimony as to what J. J. Groover said. The exception to this ruling is without merit. In substance it was a saying by J. J. Groover that he was going over to furnish the grantor in the deed with food; in other words, that he was complying with the condition subsequent in the deed,— which was clearly a self-serving declaration, and upon that ground objectionable.

5. One branch of the defense was based upon the contention that J. J. Groover was holding the land in controversy under R. J. Groover, who had purchased from Raiford after the last-named had bought at a sheriff's sale and had taken a sheriff's deed to the land, and that Raiford was an innocent purchaser for value. It is clearly inferable from the evidence that the contention of the plaintiff, relatively to this defense just referred to, was that R. J. Groover was not a bona fide purchaser without notice of the violation of the condition subsequent in the deed from J. W. Groover to J. J. Groover, and that the transaction between him and J. J. Groover was colorable. During the progress of the trial, while J. J. Groover was testifying as a witness, and after he had testified that since the land in dispute had been purchased by R. J. Groover from Raiford he (J. J. Groover) had rented the land to a tenant, the following questions were propounded to said witness by counsel for defendants, and the following answers were made: "Q. Who claims this land? A. R. J. Groover. Q. Why is it that you rented any part of the land? A. He [indicating R. J. Groover, who was near the witness stand] told me to." Upon objection of counsel for the plaintiff this testimony was rejected, the court holding that it was hearsay evidence. We think this ruling was error. The evidence was material; it tended to negative the theory of the plaintiff, as indicated in the

evidence, that J. J. Groover did not recognize R. J. Groover as the real owner of the land, but was holding it under a conveyance from J. W. Groover, and that when he rented it to a tenant he was acting for himself in the exercise of an ownership with which he was vested under the original deed from J. W. Groover. And the case being close under the evidence, this error, though the evidence may seem trifling in itself, is sufficient to cause a reversal; for it is not the province of this court to say what weight should be given to the evidence, where it is clearly admissible and material.          *Judgment reversed. All the Justices concur.*