9924. FORTSON *v.* STRICKLAND *et al.*

JENKINS, J. 1. The note sued on in this case contains a promise to pay on November 1, 1917, to the order of the payee "three thousand pounds lint-cotton, middling grade, merchantable bales, for value received, with interest from maturity at the rate of eight per cent. per annum," and recites that "This is No. . . of a series of eleven notes, running

from 1916 to 1926, 1 due each year," and provides that, "on failure to pay any one or any part of any one of these notes when due, the entire series shall become due at once. If the payee [payor] should fail to pay this cotton when due, then this note may be discharged in money on the basis of cotton at ten cents per pound." Thus, the maker of the note, under its plain and unambiguous terms, had the right, on failure to deliver to the payee the amount of cotton called for by the note, to discharge the same by paying the equivalent of the cotton in money, calculated on the basis of ten cents per pound. The terms of the note being unambiguous, the court did not err in giving it this construction (*Ludden & Bates Music House* v. *Dairy Supply Co.*, 17 *Ga App.* 581 (87 S. E. 823); and there being no allegation of either fraud, accident, or mistake, parol evidence was not admissible to vary the terms of the written contract. Civil Code (1910), §§ 4268, 5788; *Bush* v. *Roberts*, 4 *Ga. App.* 531 (5) (62 S. E. 92.)

2. "A tender to prevent the running of interest must be continuing. Using the money after refusal by the creditor to receive it destroys this necessary attribute of a legal tender." *Gray* v. *Angier*, 62 *Ga.* 596.

(a) One of the defendants testified that on the day on which the note sued on became due, he tendered to the plaintiff $300 in cash, which the plaintiff refused to accept, and that he then turned the money over to his bookkeeper, who might have put it in the bank, or may have paid it to somebody for cotton; that he put his money in the bank, and handled his business through the bank, and that he had overdrawn at the bank several times since the date on which he tendered the money to the plaintiff. Under the ruling above quoted, the court erred in directing a verdict in favor of the defendant's plea of tender.

(b) While the defendant further testified that the tender was a continuing one; that he had with him in court $300 which he had that morning procured from the bank, and that, had the plaintiff decided to accept this amount, he was at all times ready, willing, and able to pay it, whether he had the money in the bank or not, because of the fact that he had arrangements whereby he could get it, still "The tender relied on to stop the interest should have been a continuing tender, that is to say, that the money tendered was, and always has been ready for the plaintiff, and not as in this case used by the defendant for his own benefit." *Gray* v. *Angier*, supra. See also *Cooley* v. *Bergstrom*, 3 *Ga. App.* 496 (3) (60 S. E. 220); Bissell *v.* Heyward, 96 U. S. 580 (24 L. ed. 678); Parker *v.* Beasley, as reported in 33 L. R. A. 231 (116 N. C. 1, 21 S. E. 955).

*Judgment reversed. Wade, C. J., and Luke, J., concur.*
DECIDED APRIL 19, 1919.

Complaint; from Madison superior court—Judge W. L. Hodges. May 8, 1918.

Compare *Washington Exchange Bank* v. *Smith*, ante, 356 (3), 357-8.

*C. E. Adams,* for plaintiff.

*W. T. Moseley,* for defendants.