HEATH *et al. v.* MILLER, executor, *et al.*

No. 16718.   JULY 12, 1949.   REHEARING DENIED JULY 27, 1949.

*C. W. Foy* and *S. T. Allen,* for plaintiffs.

*George R. Jacob,* for defendants.

DUCKWORTH, Chief Justice. (After stating the foregoing facts.) Irrespective of whether the bond executed by only two of a large number of heirs would be sufficient to sustain the defendants in this case, and irrespective of forty years during which the defendants, according to the stipulations, have had possession of the premises—the parties, for reasons satisfactory to themselves, have seen fit to eliminate all issues and rights except the sole question whether or not the tender made by the defendant Parker in 1911 was a valid tender under our law, and, hence, the equivalent of payment. The trial judge based his opinion upon this question alone, held that the tender was valid, and decided the case in favor of the defendants. A tender which will stop interest must be unconditional and continuing. *Cothrans* v. *Mitchell,* 54 *Ga.* 498; *Gray* v. *Angier,* 62 *Ga.* 596; *Fitzgerald* v. *Vaughn,* 189 *Ga.* 707 (7 S. E. 2d, 78). Under the Code, § 20-1105, the only conditions that can be attached to a tender are either a receipt in full or a surrender of the obligation. It is obvious that the alleged tender in this case attached a condition not authorized by law. A tender of the amount due by the obligee in a

bond for title on the condition that the obligor make and deliver to the obligee the conveyance called for by the bond for title was held in *DeGraffenreid* v. *Menard*, 103 *Ga.* 651 (30 S. E. 560), not to be a valid tender under the Code,' § 3-728, in that it was not unconditional. To the same effect see *McGehee* v. *Jones*, 10 *Ga.* 127; *Cothran* v. *Scanlan*, 34 *Ga.* 555; *Miller* v. *Swift*, 39 *Ga.* 91; *Elder* v. *Johnson*, 115 *Ga.* 691 (2) (42 S. E. 51); *Morris* v. *Continental Ins. Co.*, 116 *Ga.* 53 (42 S. E. 474); *Terry* v. *Keim*, 122 *Ga.* 43 (49 S. E. 736). In the present case the obligee not only attached a condition that the obligor execute the conveyance called for by the bond, but that a conveyance from all of the heirs of George A. Heath, the deceased owner, be procured. As recently as *Irvin* v. *Locke*, 200 *Ga.* 675 (38 S. E. 2d, 289), this court held that a tender of the amount due under a bond for title upon the condition that the obligor make a deed in accordance with the bond was not a good and unconditional tender. In *Renfroe* v. *Butts*, 192 *Ga.* 720 (16 S. E. 2d, 551), it was held that, although it was alleged that a tender had been made, the absence of an allegation that such tender was a continuing one caused it to be insufficient to stop the interest on the debt. We think, therefore, that it is unnecessary to discuss further these two fatally defective features of the alleged tender, to wit, that it was not continuing and that it was conditional. From what has been said it must be held that the parties having submitted the case on the single issue whether or not the tender was valid, and the said tender being invalid, the agreement between the parties demanded a judgment in favor of the plaintiffs. The trial judge erred in rendering judgment in favor of the defendants.      *Judgment reversed. All the Justices concur.*