24672. ADCOCK et al. v. SUTTON et al.

Argued June 10, 1968—Decided July 16, 1968.

*Smith, Gardner, Wiggins & Geer, Peter Zack Geer,* for appellants.

*Frank Sutton, Seymour S. Owens, Sutton, Kelley & Pittman,* for appellees.

GRICE, Justice. This appeal is from the denial of a temporary injunction against collection of state and county ad valorem taxes. This relief was among that sought in a complaint filed in the Superior Court of Tift County by A. N. Adcock, Jr., individually, and a partnership composed of Adcock and Leonard Morris, against George Sutton, individually and as tax commissioner, and other county officials, individually and in their official capacities.

The complaint sought temporary and permanent injunctions against the tax commissioner collecting ad valorem taxes based upon 1967 assessments from the plaintiffs and from other taxpayers similarly situated, and against all of the other defendants

attempting to collect ad valorem taxes for the year 1967. The complaint also prayed that the court declare null and void and vacate and set aside the tax assessments and the tax levies made thereon for the year 1967, together with general relief.

The basis of the complaint was that the tax assessors for the year 1967 used a different method to valuate tangible personal property than that used for real property, and that such method thus lacked uniformity, was discriminatory, and was in violation of stated provisions of the State and Federal Constitutions.

The allegations of the complaint recited matters relating to tender and refusal of amounts admittedly due for taxes; employment by the county of a firm to make a tax survey and institute a re-evaluation program; certain data from the tax digest; the method, formula and standard used by the tax assessors as to property of the same class; the resulting violations of the constitutional provisions; the procedural steps to collect such taxes; the effect upon the plaintiffs and other taxpayers; and the necessity for equitable relief.

The defendants denied the essential allegations of the complaint and asserted that the valuation methods employed were lawful.

Upon the hearing considerable testimony was given by the parties and voluminous tax records were introduced in evidence.

In our view the decisive issue is tender.

The first inquiry must necessarily be whether the plaintiffs complied with the maxim that "He who would have equity must do equity. . ." Code § 37-104. In this connection, the rule is that "One seeking relief from excessive tax levies, but admitting, either expressly or by necessary implication, that he owes part of the tax covered by such executions, must pay or offer to pay the amount of the taxes admitted to be due, in order to obtain the relief sought." Peoples Credit Clothing Co. v. City of Atlanta, 173 Ga. 653 (1) (160 SE 873).

For tender, the plaintiffs relied upon two checks, which were refused by the defendant tax commissioner. However, the presentation of these checks did not constitute an unconditional tender.

The amounts claimed by the Board of Tax Assessors to be

due totalled $5,283.86, but the two checks (in the amounts of $1,588.62 and $1,864.68) totalled only $3,453.30. On the reverse side of one of the checks is the following notation: "State and county 1967 adv. taxes for A. N. Adcock, Jr., and Leonard Morris, partnership, paid in full." On the reverse side of the other check is this notation: "For Ga. State and Tift County Adv. Taxes for 1967 for A. N. Adcock, Jr. & Adcock Pecan Whse. Paid in full."

As to tender of these checks, Adcock testified as follows: "Q. Now, Mr. Adcock . . . this is a check for your personal taxes, you made this check out for eighteen-hundred and sixty-four dollars and sixty-eight cents, that true? A. Yes. Q. And you tendered it to Mr. Sutton, didn't you? A. Yes. Q. And the condition of your tender was that he show all of your taxes as being paid in full for 1967? A. Yes. Q. And the amount of those taxes was not eighteen-hundred and sixty-four dollars and sixty-eight cents, but was a greater amount, wasn't it? A. The amount set by the Tax Assessors of Tift County, yes. Q. Do you know if that is the same amount you allege in your petition? A. Yes. Q. Some twenty something hundred dollars? A. Yes. Q. Is that same set of circumstances true as to plaintiff's Exhibit 2, a check in the amount of fifteen-hundred and eighty-two dollars and sixty-two cents, that check does not represent the full amount of taxes assessed against the partnership, does it? A. For 1967. Q. 1967? A. No, that's not the full amount assessed by the Tax Assessors. Q. This was tendered by the partnership as being full payment of your 1967 tax liability? A. Yes. Q. You did not offer these as partial payments on your taxes? A. No, sir, they were offered as full payment. Q. And you had an understanding with Mr. Sutton that if he took these checks and presented them to the bank, and they were paid by the bank, you would have no more liability on your 1967 taxes? A. That's right. Q. You wouldn't have tendered them on any other condition or basis? A. No, sir."

As to the partnership check, Morris gave the following testimony: "Q. If he [the tax commissioner] had accepted that check, you would have taken the position, would you not, Mr. Morris, that that check completely relieved you of any liability

of 1967 taxes? A. Yes, Sir. Q. That was your understanding. A. Yes, Sir. Q. That was the basis upon which you tendered it to him? A. That's correct. Q. That check was a condition on him, saying I give you this check and you relieve me of all my taxes, and he refused to accept the check? A. It was tendered with that thought in mind."

Our *Code*, § 20-1105, requires that "A tender . . . must be certain and unconditional except for a receipt in full or delivery of the obligation. . ." In applying this section, this court has held that its two exceptions are the only proper conditions to a valid tender. *Heath v. Miller*, 205 Ga. 699, 701-702 (54 SE2d 432). See also, *Howard Piano Co. v. Glover*, 7 Ga. App. 548 (4) (67 SE 277).

This requirement as to unconditional tender has been recognized by this court in passing upon the issue of tender in various situations. See *Smith v. Bank of Acworth*, 218 Ga. 643, 645-646 (129 SE2d 857); *Edwards-Warren Tire Co. v. Coble*, 102 Ga. App. 106, 110-111 (115 SE2d 852); 52 AmJur 232, Tender, § 25; 86 CJS 573, Tender, § 32. In *Kent v. Mayor &c. of Alamo*, 193 Ga. 445, 446 (18 SE2d 769), it was held "an offer by the taxpayer to pay all ad valorem taxes after credits are allowed him on a city warrant is not sufficient to constitute a tender."

The Supreme Court of the United States in 1924 in a disputed tax matter arising in Richmond County, Georgia, held that: "The tenders of the complainant [taxpayer] were with a condition attached, namely that the money to be received was to be received in full payment of the claim. The complainant had no right to impose such limitation. If he owed the money, as he admitted he did, he should have paid it without restriction, and his withholding it for three years requires that he pay interest on it during the time of detention." Bohler v. Callaway, 267 U. S. 479, 492 (45 SC 431, 69 LE 745).

Therefore, for this reason alone, the trial court was authorized to find that there was no valid tender of the taxes admittedly due by the plaintiffs, and thus failure of the plaintiffs to do equity. This feature supports the denial of the temporary relief sought.

*Judgment affirmed. All the Justices concur.*