## 51284. CORR v. AARON RENTS, INC.

CLARK, Judge.

Was the appellant, a dissenting stockholder, entitled to pre-judgment interest in this litigation on the amount tendered to him by the corporation and which sum was finally ruled to be the true value of his shares of stock? That single question is presented here as the aftermath of our court's decision in *Aaron Rents, Inc. v. Corr,* 133 Ga. App. 296 (211 SE2d 156).

A detailed recital of facts is set forth in the previous opinion. That decision concluded at page 304 that ". . . at least 30 days after October 13, 1967, the defendant [stockholder] was simply a creditor of the plaintiff [corporation] in the amount of $45,924, which represents the fair cash value of the defendant's stock on the date of the merger." Based on this language, appellant now contends that he is entitled to interest from the termination of the 30-day period (November 12, 1967).

We find no merit in appellant's contention. In this litigation appellant asserted his claim as a stockholder (not as a creditor) and as such shareholder contended the fair value of his shares of stock was more than the amount offered by the corporation. Having lost out on these assertions, he is now precluded from taking a new and contrary position to the effect that he should be treated as a creditor dating from the commencement of the dispute and litigation.

There are additional reasons for denial of appellant's entitlement to interest. Firstly, the correct value of his shares of stock remained in doubt until the final court ruling. Therefore the amount must be considered as an unliquidated claim until the remittitur from this court reached the trial court. "Unliquidated amounts bear no interest until after agreement or judgment fixing the principal amount as liquidated." *Cowart v. Reeves,* 80 Ga. App. 161 (2) (55 SE2d 911). In accord are *Concrete Materials v. Smith & Plaster Co.,* 127 Ga. App. 817 (195 SE2d 219) and *Lincoln Lumber Co. v. Keeter,* 167 Ga. 231 (3) (145 SE 68).

Secondly, even if appellant's claim be treated as liquidated prior to judgment, the corporation's original tender of the amount which was finally adjudged to be the true value was a continuing tender. A valid unconditional continuous tender stops the running of interest. *Bank of LaFayette v. Giles,* 208 Ga. 674 (4) (69 SE2d 78); *Heath v. Miller,* 205 Ga. 699 (54 SE2d 432).

*Judgment affirmed. Pannell, P. J., and Quillian, J., concur.*

ARGUED OCTOBER 9, 1975 — DECIDED NOVEMBER 19, 1975.

*Peek, Arnold, Whaley & Cate, J. Corbett Peek, Jr.,* for appellant.

*Kilpatrick, Cody, Rogers, McClatchey & Regenstein, Barry Phillips, Jerre B. Swann,* for appellee.