## 60506. BANK OF EARLY v. BROUN et al.

SHULMAN, Judge.

When appellant gave appellees notice that it was seeking to recover from them the debt of another for which they had given a contract of guaranty and that the debt included attorney fees, appellees filed an action for declaratory judgment contending that they were not liable for the attorney fees because they had not been given notice pursuant to Code Ann. § 20-506 (c). Concurrent with the filing of the declaratory judgment action, appellees paid into court the amount of the debt exclusive of attorney fees. Appellant filed a counterclaim based on the contract of guaranty. The trial court found that appellees were endorsers of the note and that, as such, they could not be held liable for attorney fees unless they were given notice pursuant to § 20-506 (c). This court reversed the trial court in *Bank of Early v. Broun,* 147 Ga. App. 271 (248 SE2d 512). On certiorari, the Supreme Court agreed with the trial court and reversed the decision of this court. *Broun v. Bank of Early,* 243 Ga. 319 (253 SE2d 755). Following the return of the action to the trial court, the judgment was entered from which this appeal is taken. That judgment held that interest on the amount appellant recovered was abated from the date of the deposit into court made by appellees. The judgment also regulated the application of the proceeds of the sale of the collateral securing the note for which appellees gave the contract of guaranty here involved. The trial court held that those proceeds could not be applied to the attorney fees portion of the debt of the maker of the note, reasoning that to do so would increase the deficiency owed by appellees and would circumvent the previous ruling that appellees could not be held liable for the attorney fees.

1. The trial court found that the payment of funds into court constituted a valid tender within the meaning of Code Ann. § 20-1105. We agree.

The record shows an unconditional tender into court of an amount in excess of the amount which was finally adjudged to be the full amount of appellees' liability. "A valid unconditional continuous tender stops the running of interest. [Cits.]" *Corr v. Aaron Rents, Inc.,* 136 Ga. App. 643, 644 (222 SE2d 150).

2. We also agree with the trial court's ruling that appellant may not apply the proceeds of the sale of the collateral to the attorney fees portion of the maker's debt. The Supreme Court held that appellees were endorsers and were entitled to notice of intent to enforce the attorney fees portion of the judgment against the maker of the note. Since they were not given that notice, they may not be charged with or made liable for those attorney fees. To permit the proceeds from the sale of the collateral to be applied to the attorney fees owed by the maker would have the effect of doing indirectly what the Supreme Court has held may not be done directly, i.e., charging appellees with those attorney fees.

*Judgment affirmed. Quillian, P. J., and Carley, J., concur.*

ARGUED SEPTEMBER 16, 1980 — DECIDED
NOVEMBER 13, 1980.

*William S. Stone, Lowrey S. Stone,* for appellant.
*Michael A. Fennessy, Thomas H. Baxley,* for appellees.