A91A2089. HEATH v. L. E. SCHWARTZ & SONS, INC. et al.
(416 SE2d 113)

ANDREWS, Judge.

Heath received a jury verdict against L. E. Schwartz & Sons, Inc. (Schwartz) in the amount of $516,961.41 for personal injuries incurred in an automobile accident. Heath appealed and this Court affirmed the judgment in *Heath v. L. E. Schwartz & Sons*, 199 Ga. App. 452 (405 SE2d 290) (1991). After the remittitur from this Court was filed in the trial court, Heath's motion for postjudgment interest on the award was denied by the trial court, and he filed this direct appeal.

1. First, we conclude that the trial court's order denying postjudgment interest was a final order clarifying an earlier final judgment and is directly appealable. See *Nodvin v. West*, 197 Ga. App. 92, 93 (397 SE2d 581) (1990).

2. The jury award was made the judgment of the trial court on September 1, 1989, which started the accrual of interest thereon at the rate of 12 percent per year. *West v. Jamison*, 182 Ga. App. 565, 569 (356 SE2d 659) (1987); OCGA § 7-4-12. On November 22, 1989, Schwartz's attorneys hand-delivered a certified check in the amount of $530,898.13, along with a letter, to counsel for Heath. The check was made payable to Heath, his attorney, Blue Cross/Blue Shield Medicare and Medical Center of Central Georgia. The accompanying letter stated that the check was tendered in full satisfaction of the judgment in the case and all accrued interest through the date of the letter; that the tender was unconditional and continuing; and that Schwartz was ready, willing and able to pay the full amount of the debt as evidenced by the enclosed check. On December 1, 1989, counsel for Heath returned the check with a letter stating that "[w]e are not in a position to accept your check for a number of reasons, mainly because we are appealing the case." Thereafter, the record reflects that subsequent to the decision of this Court affirming the judgment, the trial court entered an order on July 2, 1991 denying Heath's motion for postjudgment interest and finding that the November 22, 1989 tender was unconditional and continuing, and that Schwartz had at all times been ready, willing and able to pay the amount tendered. Heath's motion was not made a part of the record on appeal, nor is

there any transcript or other evidence showing the substance of the motion or any proceedings in the trial court.

On appeal, Heath claims the trial court erred by determining that the tender stopped the accrual of postjudgment interest because the tender was neither continuing nor unconditional and was otherwise invalid. Although he asserts a number of arguments in support of the claimed error, this Court will address only those issues which the record reflects were properly raised in the trial court. *Nodvin*, supra at 95. The burden is on the appellant to show error by the record. *Gillespie v. Gillespie*, 259 Ga. 838 (388 SE2d 688) (1990). The only argument which the record arguably shows was raised in the trial court in support of Heath's motion is the claim that there was no unconditional tender because acceptance of the money in satisfaction of the judgment was conditioned on a waiver of Heath's right to appeal the judgment.

To stop the running of interest on the judgment, Schwartz was required to make a valid tender of payment on the debt. *Vitner v. Funk*, 182 Ga. App. 39, 44 (354 SE2d 666) (1987). "A valid unconditional continuous tender stops the running of interest." *Corr v. Aaron Rents, Inc.*, 136 Ga. App. 643, 644 (222 SE2d 150) (1975); *Fortson v. Strickland*, 23 Ga. App. 607, 608 (99 SE 147) (1919). "It is a general rule that a tender must be certain and unconditional, and must be in full of the specific debt; and, in order to prevent the running of interest, the tender must be continuing. The fact that it may be made and refused is not sufficient to stop the running of interest. It must appear that the party making the tender has at all times been ready, willing, and able to pay the amount tendered."[1] *Bank of LaFayette v. Giles*, 208 Ga. 674, 680 (69 SE2d 78) (1952); *Fitzgerald v. Vaughn*, 189 Ga. 707, 709-710 (7 SE2d 78) (1940).

Heath correctly contends that he had a right to appeal the favorable judgment, and that interest on the judgment was not abated by the appeal. *Henley v. Mabry*, 125 Ga. App. 293 (187 SE2d 309) (1972). He also correctly asserts that acceptance of full payment on the judgment would constitute a waiver of his right to have it reviewed on appeal. *J & F Car Care Service v. Russell Corp.*, 166 Ga. App. 888 (305 SE2d 504) (1983). Based on these principles, Heath concludes that Schwartz failed to make an unconditional tender in that acceptance of the money was conditioned on a waiver of his right to appellate review of the judgment. The only legal conditions which may be attached to a valid tender are either a receipt for full payment

---

[1] Although not the exclusive means of making a valid tender, payment of funds into the registry of the court in the full amount of the debt has been found to constitute a valid tender within the meaning of OCGA § 13-4-24. *Bank of Early v. Brown*, 156 Ga. App. 445 (274 SE2d 802) (1980). Compare OCGA § 9-11-67.

or a surrender of the obligation. *Heath v. Miller*, 205 Ga. 699, 701 (54 SE2d 432) (1949). We find no improper condition attached to the tender at issue. The tender was made in an amount calculated to fully satisfy the judgment, and did not lose its status as an unconditional tender simply because as a legal consequence of acceptance Heath would have no longer been entitled to appeal the judgment. Compare *Adcock v. Sutton*, 224 Ga. 505, 507-508 (162 SE2d 732) (1968) (tender made as "full payment," but for an amount less than the debt, attached an improper condition and failed as an unconditional tender).

We find no merit in the asserted error, nor does the record otherwise demonstrate that the trial judge erred by determining that there was a valid tender which abated the accrual of interest.

*Judgment affirmed. Sognier, C. J., and McMurray, P. J., concur.*

DECIDED FEBRUARY 12, 1992 —
RECONSIDERATION DENIED FEBRUARY 26, 1992.

*Reynolds & McArthur, Charles M. Cork III*, for appellant.
*Jones, Cork & Miller, Rufus D. Sams III, Thomas W. Joyce*, for appellees.