## A00A2474. CHOUINARD v. CITY OF EAST POINT.
(546 SE2d 827)

RUFFIN, Judge.

This is the second appearance of this case before this Court. In *Chouinard v. City of East Point*,[1] we affirmed in most respects the trial court's award of damages to Alfred Chouinard in a condemnation action, but remanded with direction that the trial court recalculate the amount of interest to which Chouinard was entitled. In this appeal, Chouinard challenges several aspects of the trial court's ruling on remand. For reasons discussed below, we affirm in part and reverse in part.

Many of the relevant facts are set out in our prior opinion. On September 8, 1989, the City of East Point filed a condemnation action relating to a shopping center owned by Chouinard. The complaint identified certain tenants of the shopping center, including Johnny's Pizza and Starship Enterprises, as additional condemnees. At the time it filed the complaint, the city paid $326,700 into the registry of the court, representing its estimate of just and adequate compensation for the taking. This amount was not, however, apportioned among the various condemnees eligible for compensation. On November 2, 1989, the trial court entered a consent order allocating the funds among the various condemnees, and on November 9, 1989, the court directed the clerk to pay $243,700 to Chouinard.

Chouinard and the other condemnees challenged the city's value estimate, and a jury trial was held in November 1994. The jury found that Chouinard was entitled to compensation in the amount of $288,000, which was $44,300 more than he had previously received. The jury also found that Starship Enterprises was entitled to $40,480 in compensation and that Johnny's Pizza was entitled to $32,705. The court entered a final judgment on the verdict on January 12, 1995, crediting the various condemnees with the amounts that they had previously received. Under the final judgment, Chouinard was entitled to an additional $44,300 in compensation, plus prejudgment interest on this sum in the amount of $16,576.[2] Starship Enterprises was entitled to an additional $16,280 in compensation, plus $6,091.12 in prejudgment interest.[3] The city was

---

[1] 237 Ga. App. 266, 272 (7) (514 SE2d 220) (1999).

[2] With respect to prejudgment interest, the order recited that Chouinard was entitled to $16,278.50 interest for the period from September 8, 1989, to December 8, 1994, plus a per diem rate of $8.50 through January 12, 1995, the date of the judgment. With 35 days of interest at the per diem rate, the total prejudgment interest due was thus $16,576.

[3] The order recited that Starship Enterprises was entitled to $5,981.92 interest for the period from September 8, 1989, to December 8, 1994, plus a per diem rate of $3.12 through January 12, 1995, the date of the judgment. With 35 days of interest at the per diem rate, the total prejudgment interest due was thus $6,091.12.

entitled to recover $7,815 from Johnny's Pizza, which received less from the jury than it had already been paid. The order also provided that the parties were entitled to postjudgment interest at the rate of 12 percent from the date of judgment.

On January 23, 1995, the city paid $82,770.70 into the registry of the court. Although not remarked upon by the parties at the time, this amount was insufficient to satisfy the entire judgment, being $476.42 less than the combined amount of principal and prejudgment interest owed to Chouinard and Starship Enterprises. In addition, postjudgment interest had continued to accrue since the date of the judgment. Chouinard did not attempt to withdraw any of the funds, but instead filed a motion for new trial on February 9, 1995. This motion was denied on October 10, 1997, and Chouinard then appealed to this Court.

In our prior opinion, we affirmed on most issues, but held that, pursuant to OCGA § 32-3-19 (c),[4] the trial court should have awarded Chouinard interest on the $243,700 amount from September 8, 1989, when the condemnation was filed, until November 9, 1989, when Chouinard was authorized to withdraw such amount.[5] We thus remanded the case to the trial court with direction to calculate the interest due and enter a judgment reflecting that interest.[6]

On remand, Chouinard raised several issues, two of which are pertinent to this appeal. First, he asserted that the interest on the $243,700 amount should be computed at the postjudgment rate of twelve percent, as opposed to the seven percent rate set forth in OCGA § 32-3-19 (c). Second, he argued that, since the $82,770.70 deposited by the city on January 23, 1995, was not sufficient to cover the entire amounts owed to him and Starship Enterprises and was not allocated between the two, it did not constitute a sufficient tender to stop the accrual of postjudgment interest. Therefore, he argued that he was entitled to postjudgment interest on the $44,300 amount from the date of the judgment. The trial court rejected both arguments, holding that interest on the $243,700 was to be computed at the rate of seven percent and that Chouinard was not entitled to any postjudgment interest on the $44,300.

1. In his first enumeration, Chouinard contends that the trial

---

[4] OCGA § 32-3-19 (c) provides that the judgment shall include interest from the date of taking to the date of payment pursuant to final judgment at the rate of 7 percent per annum on the amount awarded by final judgment as the value of the property as of the date of taking; but interest shall not be allowed on so much thereof as shall have been paid into the court and was subject to withdrawal by the condemnee without the requirement of posting a bond as required by Code Section 32-3-15.

[5] *Chouinard*, supra.

[6] Id.

court erred in holding that he was not entitled to any postjudgment interest. For reasons discussed below, we agree that the trial court's ruling was in error, although we do not agree that Chouinard is necessarily entitled to postjudgment interest on the entire $44,300 amount.

OCGA § 7-4-12 provides that all judgments bear interest at the rate of 12 percent per year until paid. To stop the accrual of interest, a party must make a valid tender of payment.[7] As a general rule, such a tender "must be certain and unconditional, and must be in full of the specific debt."[8] Payment of the full judgment into the registry of the court is one way of making such a valid tender.[9]

In holding that Chouinard was not entitled to postjudgment interest, the trial court concluded that the city's deposit of $82,770.70 into the registry of the court constituted a valid tender of the entire judgment. The court stated that

[a]lthough the January 23, 1995 deposit did not specifically allocate money to each condemnee, Chouinard knew of the proper portion due him and could have withdrawn his portion at any time. Condemnor's payment was sufficient to fully satisfy Chouinard's judgment and is a valid and continuing tender of the judgment as set forth by the January 12, 1995 judgment. Accordingly, Chouinard is not due any additional postjudgment interest on the $44,300.

We agree with Chouinard that the trial court erred in concluding that the city's deposit constituted a valid tender of the entire judgment. To constitute a valid tender, a tender must be " 'in full of the specific debt.' "[10] The city's deposit was not specifically for payment of Chouinard's judgment, but was for the payment of both Chouinard and Starship Enterprises. Although the deposit was more than the amount of Chouinard's judgment, it was less than the amount of the combined judgments. Since the two condemnees had equal claims to the funds on deposit, any withdrawal would have had to be allocated pro rata between them, and neither would have been entitled to have its judgment satisfied in full.[11] Accordingly, the trial court erred in concluding that the deposit constituted a valid tender in full of

---

[7] See *Heath v. L. E. Schwartz & Sons, Inc.*, 203 Ga. App. 91, 92 (2) (416 SE2d 113) (1992).

[8] (Punctuation omitted.) Id.

[9] See id. at 92, n. 1.

[10] Id. at 92.

[11] Nothing in the tender suggests that the funds were intended to be available for withdrawal on a "first-come, first-served" basis by whichever of the condemnees made the first claim thereto.

Chouinard's judgment and that Chouinard was therefore not entitled to postjudgment interest on any portion of the $44,300.

However, the mere fact that the deposit does not qualify as a valid tender in full does not mean that Chouinard is entitled to postjudgment interest on the entire amount, as he asserts on appeal. OCGA § 9-11-67 sets forth a sort of corrollary to the full tender rule, stating that

> [i]n an action in which any part of the relief sought is a judgment for a sum of money or the disposition of any other thing capable of delivery, a party, upon notice to every other party, and by leave of court, may deposit with the court all *or any part* of such sum or thing to be held by the clerk of the court, subject to withdrawal, in whole or in part, at any time thereafter upon order of the court, upon posting of sufficient security. Where the thing deposited is money, interest thereupon shall abate.[12]

Where money is paid into the registry of the court in compliance with this section, no prejudgment or postjudgment interest accrues on such sums.[13]

In this case, although it does not appear that the city obtained the permission of court before making the $82,770.70 deposit, on May 19, 1995, the court entered a consent order stating that the funds had been placed into the court's registry for the benefit of the condemnees and providing that such funds would be deposited into an interest-bearing account. Neither party has filed a brief in this Court, or the trial court, on the effect of OCGA § 9-11-67 with respect to calculating postjudgment interest. On remand, the trial court should consider the effect of the statute in determining what portion of the $44,300 amount is subject to postjudgment interest.

2. Chouinard also contends that, in calculating the interest due on the $243,000 amount, the trial court should have applied the twelve percent postjudgment rate set forth in OCGA § 7-4-12, as opposed to the seven percent rate set forth in OCGA § 32-3-19 (c). This assertion is incorrect, as our earlier opinion clearly provided that the interest was to be calculated pursuant to OCGA § 32-3-19 (c).[14] This ruling remains the law of the case and is binding both on the trial court and this Court.[15] Accordingly, this enumeration is without merit.

---

[12] (Emphasis supplied.)
[13] See *Sacha v. Coffee Butler Svc.*, 215 Ga. App. 280, 281 (1) (450 SE2d 704) (1994).
[14] *Chouinard,* supra.
[15] See *In re Spruell*, 237 Ga. App. 259, 260 (515 SE2d 190) (1999).

3. In his final enumeration, Chouinard asserts that the trial court erred by not awarding him costs for the earlier appeal pursuant to OCGA § 5-6-5. He provides no argument in support of this assertion, however, simply stating that "[w]e will not argue this point at length because it seems patent that this was an erroneous omission from the [judgment] of the Trial Court which is here on appeal." What is self-evident to Chouinard, however, may not be so to this Court,[16] and we do require that an appellant stir himself to make at least some effort to tell us why he is entitled to reversal. Thus, this enumeration is abandoned for lack of argument.[17]

*Judgment affirmed in part and reversed in part. Andrews, P. J., and Ellington, J., concur.*

DECIDED MARCH 5, 2001 —
RECONSIDERATION DENIED MARCH 26, 2001 —

*Glenville Haldi,* for appellant.

*Holland & Knight, Charles S. Johnson III, Steven W. Hardy, Chamberlain, Hrdlicka, White, Williams & Martin, Richard N. Hubert,* for appellee.

---

[16] Indeed, were we to address the merits of this enumeration, we might question whether Chouinard's failure to file a written motion for costs might have been the reason the trial court did not award them. See *Dept. of Med. Assistance v. Llewellyn,* 197 Ga. App. 231, 232 (1) (398 SE2d 256) (1990). Or we might consider whether our prior ruling, which went against Chouinard on every issue except the recoverability of two months worth of interest, constituted a "substantial modification" of the judgment so as to entitle him to costs. See *Burritt v. Media Marketing Svcs.,* 242 Ga. App. 92, 95 (4) (527 SE2d 890) (2000).

[17] See *Jivens v. State,* 215 Ga. App. 306, 308 (7) (450 SE2d 328) (1994); *Brooks v. Meriwether Mem. Hosp. Auth.,* 246 Ga. App. 14, 16 (2) (539 SE2d 518) (2000).