**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

MAR 3 2022

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| SELENE FINANCE, LP,<br><br>Plaintiff-counter-<br>defendant-Appellee,<br><br>v.<br><br>COBBLESTONE MANOR VI<br>HOMEOWNERS ASSOCIATION; G.J.L.,<br>INCORPORATED, DBA Pro Forma Lien &<br>Foreclosure Services,<br><br>Defendants,<br><br>and<br><br>SFR INVESTMENTS POOL 1, LLC,<br><br>Defendant-counter-claimant-<br>cross-claimant-Appellant,<br><br>v.<br><br>BANK OF AMERICA, N.A.,<br><br>Cross-claim-defendant. | No.   20-15779<br><br>D.C. No.<br>2:16-cv-00334-RFB-NJK<br><br>MEMORANDUM[*] |

Appeal from the United States District Court
for the District of Nevada
Richard F. Boulware II, District Judge, Presiding

---

   [*]   This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

Submitted February 18, 2022[]
San Francisco, California

Before:  McKEOWN and W. FLETCHER, Circuit Judges, and BENNETT,[***] District Judge.

This case is one of two appeals involving a foreclosure dispute between SFR Investments Pool, LLC ("SFR"), and Bank of America (the "Bank"), both arising out of the United States District Court for the District of Nevada. Both cases turn on whether the Bank of America tendered a superpriority lien held by a homeowner's association ("HOA") prior to foreclosure. In *U.S. Bank, N.A. v. SFR Investments Pool 1, LLC* (No. 20-17449), we reversed the district court's grant of summary judgment in favor of SFR, holding that there was a disputed issue of material fact as to whether tender was delivered. In this case, as delivery of tender was undisputed, the district court granted summary judgment in favor of Plaintiff-Appellee Selene Finance—the Bank's successor in interest. We have jurisdiction under 18 U.S.C. § 1291, and we affirm.

Nevada statutory law provides each HOA a statutory lien against properties it governs for unpaid assessments. Nev. Rev. Stat. § 116.3116. This lien includes a

---

[**]    The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

[***]    The Honorable Richard D. Bennett, United States District Judge for the District of Maryland, sitting by designation.

superpriority component totaling "nine months of unpaid HOA dues and any unpaid charges for maintenance and nuisance abatement." *Bank of Am., N.A. v. Arlington W. Twilight Homeowners Ass'n* ("*Arlington West*"), 920 F.3d 620, 623 (9th Cir. 2019). On foreclosure, the superpriority component extinguishes a first deed of trust. *7510 Perla Del Mar Ave Tr. v. Bank of Am., N.A.* ("*Perla Del Mar*"), 458 P.3d 348, 348 (Nev. 2020) (en banc) (citing *SFR Invs. Pool 1, LLC v. U.S. Bank, N.A.*, 334 P.3d 408, 409 (Nev. 2014) (en banc)). The holder of a deed may preserve its interest "by tendering the superpriority portion of the HOA's lien before the foreclosure sale is held." *Id.* (citing *Bank of Am., N.A. v. SFR Invs. Pool 1, LLC* ("*Diamond Spur*"), 427 P.3d 113, 116 (Nev. 2018) (en banc)).

SFR raises three arguments on appeal: (1) that the Bank's tender offer was insufficient, as it calculated the superpriority component using the $40.00/month rate the HOA provided instead of the $50.00/month rate listed on the lien document; (2) that SFR's status as a bona fide purchaser for value defeats any excuse of tender; and (3) that the Bank's tender offer was impermissibly conditional. These arguments are unavailing.

**Sufficiency of Tender:** SFR's challenge to the sufficiency of tender has been waived, as SFR did not suggest that Selene used an improper lien calculation at any point during the proceedings below. *Club One Casino, Inc. v. Bernhardt*, 959 F.3d 1142, 1153 (9th Cir. 2020). Even if we exercise our discretion to reach the issue, *see*

3

*In re Am. W. Airlines Inc.*, 217 F.3d 1161, 1165 (9th Cir. 2000), this argument fails. This Court and the Supreme Court of Nevada have each allowed a lender to rely on the HOA's statements when determining the proper assessment rate for the superpriority lien. *See Arlington West*, 920 F.3d at 622–23; *Diamond Spur*, 427 P.3d at 117–18. Here, the HOA provided the Bank of America with a July 2013 Statement of Account listing a $40.00/month assessment rate, with no outstanding maintenance or nuisance charges. In reliance on this Statement, the Bank tendered nine months' dues at that rate—a total of $360.00. Accordingly, the Bank's tender was sufficient under Nevada law.

**Bona Fide Purchaser Status:** In the alternative, SFR claims that its bona fide purchaser status preserved the superpriority lien, notwithstanding the Bank's tender. This argument has already been rejected by the Nevada Supreme Court, which has held that valid tender voids a foreclosure sale and prevents transfer of title. *See Diamond Spur*, 427 P.3d at 121 ("A party's status as a [bona fide purchaser] is irrelevant when a defect in the foreclosure proceeding renders the sale void."). SFR argues that the Nevada legislature's 2013 codification of the common law bona fide purchaser doctrine overrides *Diamond Spur*. However, *Diamond Spur* was decided in 2018, and the Nevada Supreme Court did not limit its holding to sales conducted prior to the 2013 amendments. Accordingly, SFR's bona fide purchaser argument fails as a matter of law.

4

**Conditions:** SFR insists that the Bank's tender letters were impermissibly conditional. To satisfy tender, an offer "must be unconditional or include only those 'conditions on which the tendering party has a right to insist,' such as a request for satisfaction of judgment or a statement that the acceptance of tender satisfies the superpriority portion of the lien." *CitiMortgage, Inc. v. Corte Madera Homeowners Ass'n* ("*Corte Madera*"), 962 F.3d 1103, 1107 (9th Cir. 2020) (quoting *Diamond Spur*, 427 P.3d at 117–18). "The only legal conditions which may be attached to a valid tender are either a receipt for full payment or a surrender of the obligation." *Diamond Spur*, 427 P.3d at 118 (quoting *Heath v. L.E. Schwartz & Sons, Inc.*, 416 S.E. 2d 113, 114 (Ga. Ct. App. 1992)).

SFR argues that the Bank's insistence that "nine months of assessments was payment of the full superpriority amount" is impermissibly conditional, as it fails to account for any maintenance or nuisance-abatement charges. The Nevada Supreme Court has held that this language is not conditional in the absence of nuisance or abatement fees. *See, e.g.*, *Diamond Spur*, 427 P.3d at 118. SFR argues that this Court's holding in *Corte Madera* compels a different result. However, in *Corte Madera*, this Court only held that the Bank's offer was impermissibly conditional due to its demand that the HOA present "adequate proof" of the delinquency before the Bank would pay—not because it failed to offer to pay maintenance and nuisance fees that did not exist. *Id.* at 1107–08.

5

**AFFIRMED.**